# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3770 | **DATE** | 7/6/2004 |
| **CASE TITLE** | Muhammad vs. Village of Bolingbrook, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/28/04 at 9:30 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to strike and dismiss [28-1 and 28-2] is granted in part and denied in part. Plaintiff's ADEA claim against defendant Bolingbrook Police department is dismissed. Defendants' motion to dismiss plaintiff's Section 1983 claims against defendants Each, George and Johnstone is denied. Status set for July 28, 2004 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 41 |
| X | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUL -6 PM 1:46 | date mailed notice | |
| | RJ  courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JUL 08 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA A. MUHAMMAD,<br><br>        Plaintiff,<br><br>v.<br><br>VILLAGE OF BOLINGBROOK,<br>BOLINGBROOK POLICE DEPARTMENT,<br>CHIEF KENNETH EACH, COMMANDER<br>KEITH GEORGE, SERGEANT MICHAEL<br>JOHNSTONE,<br><br>        Defendants | No. 02 C 3770<br><br>Judge Joan B. Gottschall |

## ORDER AND MEMORANDUM OPINION

Maria A. Muhammad ("Muhammad"), a police officer with the Bolingbrook Police Department ("Bolingbrook PD"), has sued Bolingbrook PD, the Village of Bolingbrook (the "Village"), and several of her superior officers alleging that she was discriminated against on the basis of age, race, national origin, religion and gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and 42 U.S.C. § 1983. On November 4, 2002, defendants moved to dismiss some of Muhammad's claims. This court granted defendants' motion in part and denied it in part, dismissing (a) Muhammad's Title VII claim against Bolingbrook PD because Bolingbrook PD is not an "employer" within the meaning of that act, (b) her Section 1983 claim against Bolingbrook PD because the department has no legal existence separate from the Village and, therefore, is not a "person" against whom a suit can be brought under that section, and (c) her Title VII and ADEA claims against her superior officers because there is no

individual liability under those statutes.

In their initial motion, defendants did not move to dismiss Muhammad's ADEA claim against Bolingbrook PD or her Section 1983 claim against her superior officers. In the "renewed motion" before the court, defendants now seek dismissal of those claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendants' renewed motion to dismiss is granted in part and denied in part. Muhammad's ADEA claim against defendant Bolingbrook PD is dismissed. Defendants' motion to dismiss Muhammad's Section 1983 claim against her superior officers is denied.

## ANALYSIS

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts the factual allegations made in the plaintiff's complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). The court will then consider whether any set of facts, consistent with the allegations could support plaintiff's claim for relief. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). A complaint need only contain enough facts to put the defendant on notice of the claim so that an answer can be filed. *Flannery v. Recording Indus. Assoc. of America*, 354 F.3d 632, 639 (7th Cir. 2004). Dismissal should be granted only if it is "beyond doubt" that the plaintiff cannot prove any facts to support a claim entitling plaintiff to relief. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In that inquiry, complaints prepared *pro se*, such as Muhammad's, are given greater latitude. *Id.*

Ordinarily, defendants' renewed motion to dismiss would be barred by Fed. R. Civ. P. 12(g), which provides that any issues or objections that the defendant fails to raise in the initial motion to dismiss are waived. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(g) is to prevent litigants from unnecessarily delaying proceedings at the pleading stage by interposing their defenses piecemeal. *Donnelli v. Peters Sec. Co.*, No. 02-C-0691, 2002 WL 2003217, *3 (N.D.

Ill. Aug. 29, 2002). However, "a court might properly entertain [a] second motion to dismiss if convinced that it is not interposed for delay and that the disposition of the case on the merits can be expedited by doing so." *Id.* The court finds that defendants' renewed motion meets that standard: the motion does not appear to have been filed to delay proceedings and adjudication of this motion will narrow the issues before the court, allowing it to resolve this matter more quickly. Failure to rule would result only in unnecessary delay, expense and inconvenience for all parties. Therefore, the court will address the merits of defendants' motion.

## I. Muhammad's ADEA Claim Against Bolingbrook PD

Bolingbrook PD argues that Muhammad's ADEA claim must be dismissed because it is not a proper defendant for such a claim. Although caselaw on ADEA claims against law enforcement agencies is sparse, defendants analogize to Title VII, pointing out that, under that statute, police departments are neither an employer, nor a proper defendant. *E.g., McCraven v. City of Chicago*, 18 F.Supp. 2d 877, 881 (N.D. Ill. 1998). This is so because, as this court held in dismissing Muhammad's Section 1983 and Title VII claims against Bolingbrook PD, municipal police departments have no legal existence independent from the municipality that they serve. *See Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991); *Collins v. Village of Woodridge*, 1995 WL 632260, *1 (N.D. Ill. 1995). Rather, the municipality is responsible for the unlawful acts of its police department and, therefore, is the proper defendant to a Title VII claim alleging discrimination by that department. *McCraven* 18 F.Supp.2d at 881. The court finds that the same logic applies to Muhammad's ADEA claim. *See, e.g., EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280 (7th Cir. 1995) (noting that courts often apply arguments of liability to Title VII and the ADEA interchangeably). The court concludes that the Village of Bolingbrook, which is already a party to this action, is the proper defendant for Muhammad's ADEA claim and that naming Bolingbrook PD as a defendant in that claim adds

-3-

nothing to Muhammad's complaint. The court, therefore, dismisses Muhammad's ADEA claim as to Bolingbrook PD.

## II. Muhammad's Section 1983 Claims Against Her Supervisors

Defendants also argue that Muhammad's complaint as to the individual officers should be dismissed because it "does not contain allegations against [them] in their individual capacity." However, that is not the case. Although Muhammad has not made specific factual allegations against each defendant by name, the gravamen of her complaint is clear. She claims that defendants denied her several promotions due to her age and gender despite her "excellent qualifications."[1] She describes her claim in great detail, identifying each of the promotions she was denied, naming the officers who received the promotion and describing the age and education of the promoted officers. While she has not specified each individual officer's role in the promotions process, she has provided enough information to place her superior officers on notice of the claims against them. The court finds that Muhammad's Section 1983 claim meets the liberal notice pleading standard of Fed. R. Civ. P. 8 and, therefore, defendants' motion to dismiss that claim is denied.

---

[1] Muhammad's Title VII claims that she was discriminated against on the basis of religion, color, national origin and race have been dismissed because those claims were not raised in her complaint before the Equal Employment Opportunity Commission.

-4-

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted in part and denied in part. Plaintiff's ADEA claim against defendant Bolingbrook Police Department is dismissed. Defendants' motion to dismiss Muhammad's Section 1983 claim against her superior officers is denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATE: July 6, 2004